UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF WEST VIRGINIA
AT CHARLESTON

| | |
|---|---|
| AMBER REYNOLDS, | ) CASE NO: 2:19-cv-00553 |
| | ) |
| Plaintiff, | ) COMPLAINT FOR VIOLATION OF: |
| | ) |
| vs. | ) ERISA SECTION 502(a)(1)(B) |
| | ) |
| LINCOLN NATIONAL LIFE | ) [29 USCS 1132(e)(f)] |
| INSURANCE COMPANY, | ) [29 USCS 1001] |
| | ) [29 USDC 1132(g)] |
| Defendant. | ) |
| | ) |

The Plaintiff, AMBER REYNOLDS ("Plaintiff" or "Reynolds"), sues the Defendant, LINCOLN NATIONAL LIFE INSURANCE COMPANY (hereinafter "LINCOLN") and states:

1. This is an action for legal and/or equitable relief under the Employee Retirement Income Security Act (ERISA), 29 U.S.C. § 1001 et seq.

2. This Court has jurisdiction pursuant to 29 U.S.C. § 1132(e) and (f).

3. At all times material hereto, Plaintiff was a resident of Wood County, Vienna, West Virginia.

4. Plaintiff was an employee of Marietta Memorial Hospital.

5. At all times material hereto, Plaintiff is and/or was a participant in a group disability plan issued to Marietta Memorial Hospital (hereinafter "LTD Plan"). According to the LTD Plan, LINCOLN "has the authority to manage this Policy, interpret its provision, administer claims and resolve questions arising under it."

1

6. At all times material hereto, Defendant LINCOLN, a corporation licensed to do business in the State of West Virginia, was charged with making the final benefits determinations at issue under the LTD Plan, including the determinations made on Plaintiff's claim.

7. The Plan was funded through a contract of insurance issued by LINCOLN, who pays claims from its own general assets.

8. The LTD Plan contains the following definition of disability:

> **TOTAL DISABILITY** or **TOTALLY DISABLED** will be defined as follows:
>
> 1. During the Elimination Period and Own Occupation Period, it means that due to an Injury or Sickness the Insured Employee is unable to perform each of the Main Duties of his or her Own Occupation.
> 2. After the Own Occupation Period, it means that due to an Injury or Sickness the Insured Employee is unable to perform each of the Main Duties of any occupation which his or her training, education or experience will reasonably allow.

9. By letter dated May 15, 2018, LINCOLN determined that Plaintiff did not meet the definition of disability as defined in the LTD Plan and denied paying Plaintiff any additional LTD benefits.

10. Plaintiff requested reconsideration of the May 15, 2018 determination.

11. LINCOLN affirmed the decision to deny her Long Term disability benefits by letter dated August 16, 2018.

12. Plaintiff again appealed this wrongful denial of LTD benefits.

13. By letter dated April 17, 2019, Lincoln again affirmed its denial of Plaintiff's claim for LTD benefits.

14. This denial formally exhausted Plaintiff's administrative remedies, and in it LINCOLN informed Plaintiff that she had a right to bring a legal action under ERISA.

## CAUSE OF ACTION

### (Violation of Section 502 (a)(1)(B) Against Defendant, Lincoln National Life Insurance Company)

15. The Plaintiff re-alleges and incorporates by reference the allegations contained in paragraphs 1 through 14, inclusive.

16. The LTD Plan provides that Plaintiff is entitled to Long Term disability benefits if she meets the definition of Disabled.

17. Plaintiff has met the definition of Disabled within the meaning of the LTD Plan and is entitled to disability as of September 7, 2017 and through the present.

18. Defendant LINCOLN, since September 7, 2017 has failed and refused to pay Long Term disability benefits to Plaintiff and such failure and refusal constitutes an improper denial of benefits pursuant to a disability plan governed by ERISA.

19. The decision denying the Plaintiff the rights and benefits due under the Plan was arbitrary, illegal, capricious, unreasonable, discriminatory and not made in good faith. The decision is not supported by substantial evidence and arises from an erroneous application of the Plan and federal law.

20. As a direct and proximate result of the Defendants' actions, the Plaintiff has sustained damages and such damages will approximate the amount of benefits payable to the Plaintiff under the terms of the Plan.

21. Plaintiff has been required to obtain the services of the undersigned attorney in this matter and has agreed to a reasonable attorney fee as compensation to him for his services. Pursuant to 29 U.S.C. § 1132(g) Plaintiff is entitled to a reasonable attorney's fee and costs of action.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff, AMBER REYNOLDS, asks this Court to enter judgment against defendant LINCOLN, finding that:

(a) Plaintiff met the definition of Disabled under the LTD Plan as of September 7, 2017 and through the present;

(b) Plaintiff is entitled to Long Term disability benefits from September 7, 2017 through the present;

(c) Ordering Defendant to pay Plaintiff all benefits due under the Plan;

(d) Declaring that all rights and benefits due to the Plaintiff are vested and non-forfeitable or, in the alternative, to award the Plaintiff a money judgment for all sums owed to the Plaintiff;

(e) Awarding the Plaintiff prejudgment interest to the date of judgment;

(f) An award reasonable attorney's fees and costs incurred in this action is proper; and,

4

(g) Any such other and further relief this Court deems just and proper, including but not limited to a declaration that Plaintiff's same claim for benefits continues after the last date of benefits awarded by the Court.

DATED: July 26, 2019

                          **UNDERWOOD LAW OFFICES**

                By: _/s/ J. Patrick L. Stephens_
                      J. Patrick L. Stephens, WVSB#10262
                      Counsel for Plaintiff
                      923 Third Avenue
                      Huntington, WV 25701
                      Telephone: (304) 522-0508
                      Facsimile: (972) 292-7828
                      Email: pstephens@underwoodlawoffices.com